IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **In re: Shante Denise Washington,** ) | |
| ) | Misc. Action No. 20-00008-KD-MU |
| **Petitioner.** ) | |

**ORDER**

This action is before the Court on the Motion for Order to Release Certain Records of a Deceased Defendant (doc. 1). Petitioner Shante Denise Washington seek records regarding the release plans and post-release relocation request of Willie A. Washington, deceased.

Washington was incarcerated at FCI Marianna in Marianna, Florida pursuant to a judgment in a criminal action entered by this Court. See United States v. Washington, Criminal Action No. 14-00276-KD-N (S.D. Ala. 2014). After his release, he was supervised by the United States Probation Office in the Southern District of Alabama. Ms. Washington seeks an order for production of records related to Mr. Washington's release plan and post-release relocation request. The records are needed to substantiate her claim for Workers' Compensation benefits as his widow. She believes that the records are in the custody of the Case Management Coordinator at FCI Marianna in Florida and the United States Probation Office in Mobile, Alabama.

Upon consideration, the Motion is GRANTED in part. Pursuant to S.D. Ala. Crim. L.R. 32(d) "Confidential records of this Court maintained by the Probation Office, including . . . probation supervision records, may not be disclosed except upon written petition to the Court establishing with particularity the need for the specified information contained in such records." Also, "[n]o disclosure shall be made except upon Court order." Upon review of the motion, the Court finds that Ms. Washington has shown with particularity the need for the information contained in the release plan and post-release relocation request. Accordingly, to the extent that

the documents are in the possession of the United States Probation Office, it shall provide a copy of the requested documents to Ms. Washington's counsel of record Ian D. Rosenthal.

The Motion is DENIED in part, as to the Federal Bureau of Prisons records that are not part of the Probation Office records. Ms. Washington provides a copy of the Federal Bureau of Prisons Program Statement Number 1351.05, which provides for disclosure of BOP records to third parties "[p]ursuant to an order of a court of competent jurisdiction" Id., at Paragraph 9(a)(4)(F). However, Ms. Washington has not shown how this Court has subject matter jurisdiction over internal BOP records or personal jurisdiction over BOP employees located in the Northern District of Florida. Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553, 562, 196 L. Ed. 2d 493 (2017) (for competent jurisdiction a "court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case.") (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583–585, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)) (parentheticals in original).

DONE and ORDERED this the 28th day of August 2020.

                                                 s/ Kristi K. DuBose
                                                 KRISTI K. DuBOSE
                                                 CHIEF UNITED STATES DISTRICT JUDGE